SMITH, Appellant, vs. NICHOLS LAND COMPANY, Respondent.

*January 11—February 9, 1926.*

*Brokers: Who constitutes a purchaser: Person entering into an agency agreement containing option to buy.*

A contract with the owner of real estate to sell parcels to others with an option to take title on election to make certain specified payments, on the failure of which the contract was to be void, was a mere agency agreement not specifically enforceable, and did not constitute a sale of the property; and plaintiff, who was the procuring cause of the contract, was not entitled to a commission promised him in case he furnished a buyer.

APPEAL from a judgment of the municipal court of Outagamie county: ALBERT M. SPENCER, Judge. *Affirmed.*

The appeal is from a judgment dismissing plaintiff's complaint.

For the appellant there was a brief by *Ryan & Cary,* attorneys, and *E. C. Smith,* of counsel, all of Appleton, and oral argument by *Mr. Smith* and *Mr. Thomas H. Ryan.*

For the respondent there was a brief by *Morgan & Johns* of Appleton, and oral argument by *J. L. Johns.*

STEVENS, J.  This action was brought to recover $5,000 for services alleged to have been rendered pursuant to the following offer of the defendant company made to the plaintiff on June 7, 1922: "With reference to the selling of the *Nichols Land Company's* entire property, if you will furnish the party that buys this property as outlined in our statements, plats, and photographs, your commission will be five thousand ($5,000) dollars."

Plaintiff bases his right to recover solely upon the fact that he procured one Burrichter, who on November 4, 1922, entered into a contract with the defendant company with reference to a sale of its property.

The Burrichter contract provides that the company "will

sell" and that Burrichter "will purchase," "upon the following terms and conditions." These terms and conditions provide that Burrichter may retain twenty-five per cent. of the purchase price received on "the sale of each separate parcel of property" described in the contract; that the defendant company "is to pass title to each individual purchaser" upon sale being made; that Burrichter "is to pay no interest or tax on unsold lands during the term of this contract," and that the defendant company "is to receive all income during the term thereof from the property herein referred to whether sold or unsold."

The contract gives Burrichter "the option" to take title to all the property when the sum of $45,000 is paid upon the purchase price, but the contract nowhere binds Burrichter to purchase or pay for the property unless he elects so to do. On the contrary it expressly provides that, on the failure of Burrichter "to fully perform on his part within the time and manner herein specified, . . . he shall surrender this contract and the same shall be null and void." Again, the contract provides that "unless the sales . . . shall amount to at least five (5 %) per cent. of the total sales price within sixty days and ten (10 %) per cent. of the total within one hundred and twenty (120) days, then this contract shall be null and void."

It will be seen that the conditions of the contract are such as to make it clear that it was merely an agency contract which gave Burrichter the option to take title to the property provided he elected to make certain specified payments required by the contract, and that upon his failure to make these required payments the contract became null and void. Burrichter did not buy the property. He only entered into a contract which gave him an option to buy. Under the express terms of the contract it became null and void when Burrichter failed to perform his part of the contract. The contract could not be specifically enforced. It constituted no sale of the property.

The court has not passed upon the question of the power of the president of the defendant company to bind the company by a contract to pay plaintiff $5,000 for his services, because that question is not essential to a decision of the case.

Defendant asks that the judgment be modified by granting judgment against the plaintiff for an overpayment upon his bill for legal services rendered to the defendant company. That question is not before the court, because the defendant has not taken the proper steps to present that question for review.

*By the Court.*—The judgment of the municipal court is affirmed.